# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

July 28, 2020

LETTER TO COUNSEL

RE:      *Leo D. v. Saul*[1]
         Civil No. DLB-16-2678

Dear Counsel:

Pending before the Court is Plaintiff's motion for attorney's fees filed by counsel Andrew N. Sindler, Esq., pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b). ECF No. 41. In response, the Commissioner asked the Court to consider whether Mr. Sindler's motion for attorney's fees was timely filed and whether the fee requested is reasonable under the Act. ECF No. 43. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Mr. Sindler's motion for attorney's fees is GRANTED IN PART.

Procedural History

On July 25, 2016, Plaintiff filed a complaint in this Court. ECF No. 1. On May 30, 2017, the Court entered an order granting a consent motion to remand the case. ECF No. 20. On August 24, 2017, the Court awarded Mr. Sindler $4,100.00 in fees for the 35.30 hours he worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF Nos. 21, 22. On November 8, 2018, the Social Security Administration ("SSA") issued a favorable decision, *see* ECF No. 23-2, and the SSA subsequently issued a Notice of Award dated May 12, 2019, *see* ECF No. 23-1. On May 20, 2019, Mr. Sindler timely filed his first motion for attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 23. On June 25, 2019, Plaintiff filed a consent motion to stay the motion for fees because the Notice of Award letter contained a potential error. *See* ECF No. 30 (noting that "a new Notice of Award letter has been recently issued with copies sent to both parties which should now contain the correct and proper amount."). In his motion to stay, Mr. Sindler represented that, "*upon receipt* of the revised NOA by SSA, Plaintiff's counsel *will promptly file* an amended Motion for Attorney's Fees." *Id.* ¶ 4 (emphasis

---

[1] When this proceeding began, Carolyn Colvin was the Acting Commissioner of the Social Security Administration ("Commissioner"). On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Leo D. v. Saul
Civil No. DLB-16-2678
July 28, 2020
Page 2

added).  On June 26, 2019, the stay was granted.  ECF No. 31.  Pursuant to Judge Gallagher's order, Mr. Sindler's motion for attorney's fees was "temporarily STAYED pending filing of Plaintiff's Revised Motion for Attorney's Fees" and the parties were ordered to file a status report by August 26, 2019.  *Id.*  On the same day that the stay was granted, June 26, 2019, the SSA issued a revised Notice of Award letter to Plaintiff "replac[ing] [its] previous letter dated May 12, 2019."  ECF No. 41-2.  This award letter was not promptly brought to the Court's attention.  In his August 19, 2019 status report, Mr. Sindler made no mention of the June 26, 2019 Award Letter and reported that he "ha[d] been working diligently with Social Security through the field office and payment center to obtain an updated, revised and corrected Notice of Award" but that "neither the field office nor the payment center ha[d] issued the corrected Notice of Award previously requested on numerous occasions since the Court's June 26, 2019 [order]."  ECF No. 32 ¶¶ 2-3.  Mr. Sindler reported the same in his October 16, 2019 status report.  ECF No. 34 ¶¶ 2-3.  On November 12, 2019, the SSA issued a Notice of Award letter for Plaintiff's child.  *See* ECF No. 41-3.  This award letter also was not promptly brought to the Court's attention.  In his December 16, 2019 status report, Mr. Sindler did not mention the June 26 or November 12, 2019 Notice of Award letters but reported that the SSA had "issued a partially corrected Notice of Award, which included the correct calculation of auxiliary benefits for one of the claimant's two minor children, but ha[d] still incorrectly and inadvertently issued an erroneous notice as to the claimant's other minor child."  ECF No. 36.  On February 12, 2020, more than seven months after the June 2019 award letter and three months after the November 2019 award letter, Mr. Sindler filed an amended motion for attorney's fees based on these two award letters.  ECF No. 38.

On March 11, 2020, Mr. Sindler filed his final amended motion for attorney's fees, seeking $46,790.25.[2]  ECF No. 41.  This figure represents 25% of the past-due benefits owed to Plaintiff and his child.  Attached to the final amended motion for attorney's fees are the two Award Notices, dated June 26, 2019 and November 12, 2019, in which $187,161.00 in past-due benefits were awarded to Plaintiff and his child.  ECF Nos. 41-2 at 4, 41-3 at 1.  Mr. Sindler has agreed to reimburse Plaintiff for EAJA fees previously received.  ECF No. 41; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

Timeliness

Pursuant to the Court's Local Rules, a motion for attorney's fees in Social Security cases "must be filed within thirty (30) days of the date of the Notice of Award letter to the claimant and the attorney at the conclusion of the Social Security Administration's past-due benefit calculation."  D. Md. R. 109.2(c).  Mr. Sindler argues that his initial motion for attorney's fees was timely filed on May 20, 2019 after the original May 13, 2019 Notice of Award was issued, and that his subsequent motions for fees were timely filed "within [the] stay periods."  ECF No. 44 at 1-2.  Mr. Sindler misses the point.

---

[2] Mr. Sindler filed two amended motions for attorney's fees that appear to be identical except that the first amended motion, filed February 12, 2020, was missing a page of the auxiliary Notice of Award letter.  *Compare* ECF No. 38 *with* ECF No. 41.

Leo D. v. Saul
Civil No. DLB-16-2678
July 28, 2020
Page 3

His argument suggests that the time period for filing an amended motion for attorney's fees was tolled until the next status report by virtue of the stays he requested. It was not. The status reports were imposed to ensure that the case did not fall off the Court's radar screen. In the Order granting the stay, Judge Gallagher "temporarily STAYED [the motion] pending filing of Plaintiff's Revised Motion for Attorney's Fees." It was expected that Mr. Sindler would "promptly" file an amended motion for fees "upon receipt of the revised NOA by SSA . . . ." ECF No. 30. The stay of his motion for attorney's fees was temporarily imposed until the corrected Notice of Award was issued by the SSA, not until the next status report was due. Plaintiff's corrected Notice of Award was issued on June 26, 2019, but it was not brought to the Court's attention within 30 days through a revised motion for fees or a status report. Even if the deadline for filing a motion for attorney's fees was somehow tolled through the status report deadlines, Mr. Sindler thrice represented in status reports that no revised award notices had been issued to Plaintiff when they in fact had. In his third status report, dated December 16, 2019, Mr. Sindler reported that an auxiliary award had been issued, but he claimed it was incorrect and he was working to obtain a correct one. He did not attach the notice or indicate that the date of the notice was November 12, 2019, which was more than 30 days earlier. In his multiple filings, Mr. Sindler has not explained why he waited months to bring the June and November 2019 Notice of Awards to the Court's attention. By failing to submit a motion for fees within 30 days of the date of the award notices, Mr. Sindler has not complied with Local Rule 109.2(c), and his motion for fees based on the November 2019 Notice of Award will be denied. However, because his first motion for attorney's fees, based on the May 12, 2019 Notice of Award was timely, and because that notice was replaced by the June 26, 2019 Notice of Award, the Court will calculate reasonable attorney fees based on the amount of past-due benefits in the June 26, 2019 letter, even though the letter was not timely brought to the Court's attention. That amount is $148,216.00. ECF Nos. 38-2 at 4, 41-2 at 4. Because 25% of $148,216.00 is $37,054.00, the maximum amount of attorney fees that Mr. Sindler may be awarded is $37,054.00.

<u>Reasonableness</u>

The Court next must determine the reasonableness of Mr. Sindler's requested fee. The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. The Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

In support of his request for 25% of past-due benefits, Mr. Sindler filed two fee agreements signed by Plaintiff. ECF Nos. 44-1 (dated February 12, 2014), 44-2 (dated October 16, 2018).

*Leo D. v. Saul*
Civil No. DLB-16-2678
July 28, 2020
Page 4

The February 12, 2014 agreement states, in relevant part:

I, [Plaintiff], hereby consent to the payment of a fee not to exceed the lesser [of] twenty-five percent (25%) of my past due benefits or Six Thousand and 00/100 Dollars ($6,000.00) or such higher amount as prescribed by the Commissioner of Social Security pursuant to section 206(a)(2)(A) of the Social Security Act (at the time any award of benefits is made) or any other amount determined to be the maximum amount allowable by Federal law, to Andrew N. Sindler. Esq.

\*\*\*

I further understand that the fee for both claims may not exceed the lesser of $6,000.00 or 25% of the combined past-due benefits.

ECF No. 44-1.

The October 16, 2018 agreement states, in relevant part:

I, [Plaintiff], hereby consent to the payment of a fee of twenty-five percent (25%) of my past due benefits with a maximum cap of Six Thousand and 00/100 Dollars ($6,000.00) or such higher amount as prescribed by the Commissioner or Social Security pursuant to section 206(a)(2)(A) of the Social Security Act (at the time any award of benefits is made) or any other amount determined to be the maximum amount allowable by Federal law, to Andrew N. Sindler, Esq.; for all claims awarded after the first Appeals Council appeal or higher level of review, including but not limited to federal court, the fee shall be twenty-five percent (25%) of my past due benefits with NO maximum cap, but under no circumstances to exceed such maximum amount allowable and awarded by SSA.

\*\*\*

I further understand that the fee for both claims may not exceed the lesser of $6,000.00 or 25% of the combined past-due benefits.

ECF No. 44-2.

These fee agreements are confusing. They do not clearly state that Plaintiff has consented to fees in the amount of 25% of past-due benefits. In fact, the first sentence states that Plaintiff is consenting to a maximum cap of $6,000.00 in fees. The last sentence confirms that cap: "I further understand that the fee for both claims may not exceed the lesser of $6,000.00 or 25% of the combined past-due benefits." Under this language, the fee for both claims cannot exceed

Leo D. v. Saul
Civil No. DLB-16-2678
July 28, 2020
Page 5

$6,000.00.[3]   The October 2018 agreement contains the following additional sentence: "for all claims awarded after the first Appeals Council appeal or higher level of review, including but not limited to federal court, the fee shall be twenty-five percent (25%) of my past due benefits with NO maximum cap, but under no circumstances to exceed such maximum amount allowable and awarded by SSA." This language also is confusing. Although the agreement states that there would be "NO maximum cap," it also states that fees would not "exceed such maximum amount *allowable and awarded by SSA*." (emphasis added). The agreement does not define "SSA." The abbreviation could mean the Social Security Act or the Social Security Administration. Of the two possible interpretations, it makes more sense to conclude that "SSA" refers to the Social Security Administration because only the agency may both "allow" and "award" fees. A statute may "allow" fees, but it cannot "award" them. If "SSA" is the Social Security Administration, that reading would limit Mr. Sindler's fees to the maximum that the agency may award: "the lesser of" 25% of past-due benefits or $6,000.00. *See* 42 U.S.C. § 406(a)(2)(A); *see* Maximum Dollar Amount in the Fee Agreement Process, 74 Fed. Reg. 6080-02, 2009 WL 247991 (Feb. 4, 2009) (increasing the maximum dollar amount under 42 U.S.C. § 406(a)(2)(A) to $6,000.00). If "SSA" refers to the Social Security Act, that reading would lend support to Mr. Sindler's claim for up to 25% of a claimant's past-due benefits for work performed in court. *See* 42 U.S.C. § 406(b). In any event, because both agreements state twice that the fee will not exceed $6,000.00, the Court is not convinced that Plaintiff understood that he was consenting to the payment of 25% of past-due benefits if that would result in more than $6,000.00, which it does here. Therefore, Mr. Sindler's petition for 25% of past-due benefits based on the fee agreements is denied. *See Hill v. Astrue*, 248 Fed. App'x 923, 929 (10th Cir. 2007) (affirming denial of attorney's fees under 42 U.S.C. § 406(b) because fee agreements were ambiguous and therefore properly construed against the attorney). The Court will, however, consider the agreements as one factor in determining the reasonableness of Mr. Sindler's fee petition. *See King v. Colvin*, No. SAG–08–2382 (D. Md. Sept. 4, 2014).

Mr. Sindler worked 35.30 hours in connection with this federal case. ECF No. 21-2.[4]  He worked over 160 hours at the administrative level. ECF No. 41-5. He claims he worked a total of 199.40 hours on this case, in federal court and at the administrative level. ECF No. 41-5. He acknowledges that his pending motion for attorney's fees must be limited to the hours he worked

---

[3]  Presumably, "both claims" refers to Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income.

[4]  Mr. Sindler performed clerical and non-clerical work on this case. He states that he does not have support staff, ECF No. 44 at 2, but "'[t]asks of a clerical nature are not compensable as attorney's fees.'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all."). The Court will not dissect Mr. Sindler's timesheet, but going forward, he should differentiate his clerical and non-clerical time in future filings.

*Leo D. v. Saul*
Civil No. DLB-16-2678
July 28, 2020
Page 6

in connection with his work before this Court, but he submitted his entire timesheet to "show the complexity of this matter and the skills required to get the case remanded." ECF No. 44 at 2 (citing *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). While *Mudd* does allow a district court to consider the efforts that the attorney expended at the administrative level, "[c]ourts are 'without jurisdiction to decree compensation for professional representation' at the administrative level[.]" 418 F.3d at 427 (quoting *Robinson v. Gardner*, 374 F.2d 949, 950 (4th Cir.1967)); *see also* D. Md. R. 109.2(c) (stating that a motion for attorney's fees made under 42 U.S.C. §§ 406(b) or 1383(d) "may not seek any award of fees for representation of the claimant in administrative proceedings").

The Court will compensate Mr. Sindler for the 35.30 hours he worked on this case at his current billing rate of $250.00.[5] ECF No. 41-5. The Court acknowledges Mr. Sindler's effective performance and the substantial past-due benefit awards to his client, but an award of $37,054.00 in fees for 35.30 hours of work would result in an effective hourly rate of $1,049.69. That would be a windfall unless the attorney and client unambiguously agreed to it. If there were an enforceable contingency fee agreement, the Court likely would award a billing rate three or four times an ordinary billing rate. But here, the Court is not convinced that Plaintiff agreed to give Mr. Sindler more than $6,000.00 in attorney's fees. Notwithstanding the $6,000.00 cap contemplated in the fee agreements, the Court finds that an award of $8,825.00 in fees (35.30 x $250.00) is reasonable.

For the reasons set forth herein, this Court GRANTS IN PART Mr. Sindler's final amended motion seeking attorney's fees, ECF No. 41. This Court will award Mr. Sindler attorney's fees totaling $8,825.00.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge

---

[5] In his 2017 petition for fees under EAJA, his hourly rate was $200.00. ECF No. 21-2. In his pending motion for attorney fees, he states his hourly billing rate is $250.00. ECF No. 41-5.